As stated by this court in In re Adam (1997), 120 Ohio App.3d 364, "[I]t is hypocritical for a teacher to lecture on the grandeur of the United States Constitution in the morning and violate its basic tenets in the afternoon." Id. at 376. As correctly stated by the majority, the Fourth Amendment to the United States Constitution protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The constitution does not say "big people" or "grown-ups" alone are to be protected. It applies to all people.
I want all who read this dissent to imagine for a moment that half way through your reading the door swings open and police officers assisted by police dogs begin conducting a "sweep" of your space in search of probable cause that you are engaged in criminal activity. Hopefully, the prospect of being "examined" by a dog will not interfere with your ability to exercise your right to be free from unreasonable searches by your government. Applying the logic of the majority in this matter, such a violation of your rights is not only authorized by Ohio law, but for juveniles there is not even a requirement that there be reasonable suspicion of a crime for the search to begin.
Apparently we have reached a new level in our so-called "war" on drugs whereby a slow news day is sufficient justification to terrify our youngsters into believing that they have no rights whatsoever when it comes to searching them or their belongings. Let us not lose sight of the fact that the Ohio Legislature, in R.C. 3313.20(B)(1)(b) established the "no-reason-at-all" standard for the search of students' belongings, "WITHOUT REGARD TO WHETHER THERE IS A REASONABLE SUSPICION * * *" that a crime will be detected. Are we really that far away from total searches of students as a requirement for entrance to our schools? The random search of innocent students by police dogs without probable cause is unreasonable as a matter of law. The Constitution requires reasonableness, and this court is without authority to depart from that standard.
The majority's reasoning is incorrect when it justifies the subject blanket search on the authority of this court's holding inIn re Adam. In that case, this court held that by smoking on school grounds, and having been discovered by a teacher who suspected he smelled marijuana, the juvenile had "voluntarily placed himself into the school's zone of inquiry * * *." As stated by this court, it would be patently unreasonable to prohibit a search of the student's belongings when faced with those facts. And that really is the bottom line in this case. There are NO FACTS IN THE RECORD which justify police officers and their dogs randomly searching this school in the hope their efforts will turn up evidence of crime. Our schools are institutions of learning. They are not holding cells.
Contrary to the holding of the majority in this case, the United States Supreme Court has mandated that a search in the school environment, while understandably not restricted to the probable cause standard, still must meet the reasonableness standard mandated by the Fourth Amendment. As stated by the Supreme Court, in New Jersey v. T.L.O. (1985), 469 U.S. 325, 341, "the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search." Such a clearly stated principle reflects two hundred years of court precedent, and is at odds with the majority's suggestion that this court is awaiting "relevant precedent" as a guide. It is clear that the United States Supreme Court has directed that a reasonableness standard must be applied to a review of the individual facts of every case, and for this court to apply a lower standard is misguided at best.
Unfortunately, however, this court has not addressed the real procedural issue in this case. It is alleged that constitutional rights were violated by the police in "sweeping" the school looking for probable cause. It is to be remembered that once a motion to suppress is filed, the burden is upon the state to produce evidence that the evidence obtained was not the product of an unconstitutional search. Such an allegation, if believed, is a grave issue indeed. And yet, this matter was routinely assigned to a magistrate. The Juvenile Judge involved here is a distinguished jurist with years of experience in protecting the rights of juveniles. And yet he was deprived of the transcript of proceedings from the suppression hearing in ruling on this critical constitutional question. Compounding the error, the majority of this court now intends to rule on the same question again without reviewing the FACTS OF THE CASE.
Think about that for a moment. The trial court did not review the facts, because they did not have the transcript of the hearing before the magistrate who was without authority to conduct the hearing in the first place. Now this court intends to rule also without reviewing the facts. The result is absurd. The majority's holding in this case ratifies the action of police officers on a slow news day "sweeping" any place they find interesting in the hopes that Rin Tin Tin, given enough time and freedom, will eventually find some evidence of wrongdoing by someone.
When the trial court granted the motion to suppress it reached the right conclusion and should be affirmed. A random search of school grounds which is not predicated upon a reasonable suspicion that criminal activity will be found is unconstitutional. _____________________________________ JUDGE WILLIAM M. O'NEILL